IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                           Case No 1:11-cr-10020

LIRIE MONTGOMERY                                                            DEFENDANT

## ORDER

Before the Court is Defendant's oral request for release pending a final revocation hearing in this matter. The Court held a hearing on today's date to consider this request. Defendant was present and represented by Counsel.

**1. Background**: On March 5, 2018, Defendant was released from confinement and began a term of six (6) years of Supervised Release. On January 6, 2020, a Petition was filed alleging violation of the terms of Defendant's Supervised Release. ECF No. 33. Defendant appeared for a initial appearance on the Petition on January 13, 2020. ECF No. 37. The Government sought pre-hearing detention, and the United States Probation Office recommended Defendant be detained pending a final hearing. Defendant requested a hearing on the issue of detention and such hearing was conducted on January 16, 2020. ECF No. 42. The Defendant was released pending final hearing on the previously imposed conditions of Supervised release plus certain additional conditions. ECF No. 43. Defendant was warned orally by the Court, and in writing by Order, that **"ANY violation of the terms and conditions of his release shall subject him to immediate arrest and revocation of this pre-hearing release."** ECF No. 43, p. 2.

On February 4, 2020, a Petition for Action on Conditions of Pretrial Release was filed by the

-1-

United States Probation Office. ECF No. 44. This Petition alleged that two conditions of pretrial release had been violated by Defendant. First, the Petition alleges the Defendant had not been truthful with the United States Probation Officer as required by Standard Condition #3 of Supervised Release imposed on the Defendant at the time of his sentencing. ECF No. 22, p. 3. Second, the Petition alleged Defendant violated Condition #4 of the Order Setting Additional Conditions of release in that Defendant traveled to a place of business without the permission of the pretrial services officer. ECF No. 43. Defendant was arrested on February 19, 2020. He appeared on the Petition on today's date and requested a hearing on pretrial release.

**2. Discussion**: Because Defendant appeared initially on a Petition to revoke his supervised release, the burden to establish he will not flee or be a danger to the community rests with the Defendant. FED. R. CRIM. P. 32.1(a)(6). Rule 32.1 directs that the release of a person alleged to have violated his supervised release shall be governed by 18 U.S.C. § 3143(a)(1) which states in pertinent part:

> **(a) Release or detention pending sentence**.--(1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

Defendant in this case was provided the opportunity for hearing pursuant to these provisions and following the hearing on January 16, 2020, the Court determined he had met his burden. Defendant was allowed to remain on pretrial release with additional conditions, pending a final revocation

hearing. ECF No. 43.

Now, Defendant appears again before the Court, this time on a allegation he has violated the terms of his pretrial release. Accordingly, 18 U.S.C. § 3148 is applicable, which states in part:

> **(b) Revocation of release.**– . . . The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer--
>
> (1) finds that there is--
>
> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>
> (B) clear and convincing evidence that the person has violated any other condition of release; and
>
> (2) finds that--
>
> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
>
> (B) the person is unlikely to abide by any condition or combination of conditions of release.

On today's date the Court heard the testimony of United States Probation Officer Haley Hudson and considered the exhibits presented by the Defendant and the Government. Further, the Court heard argument of counsel for the Defendant and the Government. ECF No. 50. Based on the testimony, exhibits and argument, the Court finds as follows:

a. There is clear and convincing evidence the Defendant violated Condition #3 of his Supervised Release in that he failed to answer truthfully questions posed him by his pretrial services officer. Specifically, he was not truthful on January 17, 2020, when he told Ms. Hudson he was using a telephone to contact her that was borrowed from someone who lived near him. He did

identify the person as Lataysha Pittman. He did not inform Ms. Hudson of his relationship with Ms. Pittman. Further, he was not truthful on January 23, 2020, when he requested permission from Ms. Hudson to travel to the Union County Courthouse for "legal work" regarding his minor child. In fact Defendant traveled to the Union County Courthouse to obtain a marriage license to wed Ms. Lataysha Pittman. He was married to Ms. Pittman on the same day. Defendant never informed Ms. Hudson of his marriage to Ms. Pittman, rather she discovered it on January 29, 2020 when she saw a legal notice in the local newspaper. Ms. Pittman at that time was the subject of an ongoing investigation in Crossett, Arkansas, for the felony offense of interference in child custody.

    b. There is clear and convincing evidence the Defendant violated Condition #4 of his addition conditions of pretrial release. On January 21, 2020, Defendant obtained permission to travel to various places in El Dorado, Arkansas. When Ms. Hudson later reviewed the GPS record of Defendant's travel it was apparent he traveled to a tobacco store on that date without permission. Ms. Hudson confronted Defendant about his travel and he initially did not disclose his travel to the tobacco store. Only when confronted with the specific details of the GPS tracking did he admit to traveling to the tobacco store on that date. Defendant had been instructed he could not leave his home or visit any location without the prior approval of the United States Probation Office.

    c. At the conclusion of first detention hearing in this matter on January 16, 2020, the Court made it clear to Defendant that he must be honest with the pretrial services officer. Further, the Court, in imposing home detention with GPS monitoring made it clear to Defendant he must not travel without express permission from the pretrial services officer. Defendant was specifically warned by the Court that any violation would result in an arrest warrant being issued and in his likely

detention pending a final revocation hearing. In less than one (1) week from the date of that hearing and despite knowing he had a pending revocation hearing which could result in his being imprisoned in the Federal Bureau of Prisons, Defendant ignored the Court's Orders and violated his release conditions. The Court accordingly, finds the Defendant is unlikely to abide by any condition or set of conditions it imposes on Defendant in this matter.

**IT IS THEREFORE ORDERED**:

The Defendant be committed to the custody of the Attorney General for confinement pending final revocation hearing;

The Defendant be afforded reasonable opportunity for private consultation with counsel; and

That, on Order of a court of the United States, or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined deliver the Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

**SO ORDERED** this **27th day of February 2020.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE